IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMBERLY BOHLING, | |
| Plaintiff, | 4:19-CV-3087 |
| vs. | MEMORANDUM AND ORDER |
| TYSON FOODS, INC., | |
| Defendant. | |

This matter is before the Court on the plaintiff's motion for leave to amend her complaint (filing 7) and motion to remand (filing 8). For the reasons that follow, the Court finds that the plaintiff can amend her complaint as a matter of right—so, the Court will permit the filing of her amended complaint and, exercising its discretion to decline supplemental jurisdiction, will grant her motion to remand her remaining claims to state court.

The Court finds that the plaintiff may amend her complaint for two reasons. First, Fed. R. Civ. P. 15(a)(1) permits a plaintiff to amend her pleading once within "21 days after serving it" or 21 days after service of a Fed. R. Civ. P. 12(b) motion. In this case, according to the pleadings and notice of removal, the plaintiff filed her initial complaint on July 29, 2019 and an amended complaint on July 30, and then served process on August 1. Filing 1 at 1; *see* filing 1-2; filing 1-2. So, although the plaintiff has filed an amended complaint, she did not do so within 21 days *after* serving it, or 21 days *after* service of the defendant's Rule 12(b) motion. The plain text of Rule 15(a)(1) permits one amendment "as a matter of course" after the earlier of those events.[1]

---

[1] To be clear, though: the Court *would* give leave for an amended complaint, were leave required—voluntary dismissal of the plaintiff's federal claim is a prudent response to the

Second, although the plaintiff also wants to amend her pleading to correct the caption, the primary purpose of the amended complaint is the dismissal of the plaintiff's federal claim—and that, she has the right to do pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which permits dismissal without a court order "before the opposing party serves either an answer or a motion for summary judgment." *See Stamm v. Cty. of Cheyenne, Nebraska*, 326 F. Supp. 3d 832, 845 (D. Neb. 2018); *cf. Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966). "[I]t should be clear that so long as defendant has not filed a responsive pleading, plaintiff has an absolute right to file an amended complaint that omits some of the claims that were in the original complaint and that no prejudice attaches to the omission of those claims[.]" 21 Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice & Procedure*, § 1479 (3d ed. 2010 & Supp. 2019). In this case, while the defendant has filed a motion to dismiss, neither an answer nor a motion for summary judgment have been filed—so, Rule 41(a)(1)(A)(i) permits the plaintiff to voluntarily dismiss a claim.

Accordingly, because the gravamen of the plaintiff's amendment is the voluntary dismissal of her federal claim, the Court will permit the filing of her amended complaint. That leaves her state law claims, over which the Court *could* still exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) and (c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).[2] But the Court can also remand those claims to state court. *See* § 1367(c)(3);

---

authority cited in support of the defendant's motion to dismiss. *See* filing 5 at 5 (citing *Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir. 1989)).

[2] To the extent that the plaintiff suggests that "there is no remaining jurisdiction for this case to be in federal court," filing 8 at 2, she is incorrect: because federal question jurisdiction existed when the case was removed, the Court has discretion to retain jurisdiction. *See Carlsbad Tech.*, 556 U.S. at 640-41.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Court has "broad discretion in determining whether to exercise supplemental jurisdiction[,]" *Crest Const. II, Inv. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011), and, in fact, where "resolution of the remaining claims depends solely on a determination of state law, the Court *should* decline to exercise jurisdiction." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (emphasis supplied) (quotation and citations omitted).

In making that determination, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *Id.*; *see Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016). But "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson*, 821 F.3d at 971; *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) (quotation and citations omitted). The Court finds no factor that distinguishes this case from the usual case. *See Wilson*, 821 F.3d at 971. In fact, the "novel and complex question" of whether discrimination on the basis of sexual orientation is actionable under Nebraska state law should be decided by a Nebraska state court. *See EEOC v. Con-Way Freight, Inc.*, 622 F.3d 933, 938 (8th Cir. 2010). Accordingly, the Court will decline supplemental jurisdiction, and will remand the plaintiff's state-law claims.

IT IS ORDERED:

1. The plaintiff's motion for leave to amend her complaint (filing 7) is granted.

2. The plaintiff's second amended complaint (filing 7-1) is hereby deemed filed.

3. The defendant's motion to dismiss (filing 4) is denied as moot, without prejudice to reassertion.

4. The plaintiff's motion to remand (filing 8) is granted.

5. This case is remanded to the District Court of Johnson County, Nebraska.

6. A separate judgment will be entered.

Dated this 11th day of September, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge